UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT LEO HARDESTY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00570-SEB-TAB |
| | ) |
| PENDLETON, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Robert Leo Hardesty, Jr., who was confined at the Floyd County Jail at the times relevant to this suit, alleges that the defendant, Officer Braidon Pendleton, assaulted him on August 10, 2018. Mr. Hardesty is seeking compensatory damages from the defendant.

Before the Court is the defendant's motion for summary judgment. Dkt. [21]. Mr. Hardesty has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendant is entitled to summary judgment on all of Mr. Hardesty's claims.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record

in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.
## Factual Background

The consequence of Mr. Hardesty's failure to respond to the motion for summary judgment is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The defendant's statement of undisputed facts relies, in part, on Mr. Hardesty's untimely responses to requests to admit. The defendant served Mr. Hardesty with requests to admit on September 18, 2019, and he responded on December 2, 2019, after the defendant filed a motion to compel. *See* dkt. 19. A matter is admitted unless denied or objected to in writing within 30 days. Fed. R. Civ. P. 36(3). Mr. Hardesty did not seek additional time to respond to the requests to admit and has made no argument that his failure to timely respond should not result in the admission of the defendant's requests to admit. Therefore, the following statement of facts includes admissions made by Mr. Hardesty through his failure to timely respond to the defendant's requests to admit.[1]

On July 23, 2018, while incarcerated at Floyd County Jail, Mr. Hardesty broke his collarbone. The Floyd Baptist Memorial Hospital emergency room treated Mr. Hardesty and instructed him to wear his arm in a sling. Dkt. 24-9 at 4-5.

On the morning of August 10, 2018, Officer Pendleton was working in the booking area of the Floyd County Jail. Mr. Hardesty was confined to a holding cell in the booking area. Mr. Hardesty began banging his cup against his cell door at approximately 9:15 a.m.[2] This created a disturbance and interfered with the Jail's booking operations. After over an hour of Mr. Hardesty

---

[1] Even if the Court were to consider Mr. Hardesty's late responses to the requests to admit, some of the requests would still be admitted because Mr. Hardesty either did not respond to particular requests or responded "irrelevant." *See* dkt. 24-10. Of particular relevance to this Order, Mr. Hardesty failed to respond to the following requests to admit: "16. Admit you suffered no new injury as a result of the Defendant's actions alleged in your Complaint." The Court notes it need not reach the defendant's argument that some of the requests to admit are admitted simply because Mr. Hardesty did not use the words "admit" or "deny." But "yes," "no," and narrative answers explaining why a request to admit is denied can be acceptable. *See Honeycutt v. First Fed. Bank*, 2003 WL 1054235, at *1 (W.D. Tenn. 2003). Here, Mr. Hardesty is deemed to have admitted all defendant's requests to admit because Mr. Hardesty did not timely respond and has made no argument as to why Rule 36(a)(3) should not be applied.

[2] Mr. Hardesty had also caused a disturbance by beating his cup against the cell door earlier that morning. *See Hardesty v. Kinderman*, case no. 1:19-cv-00571-JRS-DML (S.D. Ind.).

banging his cup against his cell door, Officer Pendleton entered Mr. Hardesty's cell to determine the problem and order Mr. Hardesty to stop banging the cup against the cell door. Dkt. 24-6 at 2.

Before Officer Pendleton entered the cell, he asked Mr. Hardesty to sit down, and Mr. Hardesty refused. To gain Mr. Hardesty's compliance, Officer Pendleton used a minimal amount of force and placed his hands on Hardesty's shoulders and sat him down on his bunk. Once Mr. Hardesty was on his bunk, Officer Pendleton did not use any additional force against him. Defendant Pendleton did not strike, hit, punch, or kick Mr. Hardesty. Mr. Hardesty flung himself down on his bunk and began yelling that Officer Pendleton had injured him. Officer Pendleton immediately called jail medical staff. *Id.*

Floyd County Jail Nurse Marlena Beacraft responded to Officer Pendleton's call and checked on Mr. Hardesty in his cell. Mr. Hardesty did not complain of increasing pain in his left shoulder. After examining Mr. Hardesty, Nurse Beacraft concluded he was not injured and did not need to be placed on medical watch. Dkt. 24-9 at 2. Mr. Hardesty did not suffer any new injury as a result of his interaction with Officer Pendleton on August 10, 2018. *Id.*; dkt. 24-10 No. 16.

## III.
## Discussion

Mr. Hardesty was a pretrial detainee at the time of the alleged incident. Therefore, the claim of whether the defendant subjected Mr. Hardesty to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015).

Defendant Officer Pendleton moves for summary judgment arguing that he did not use excessive force against Mr. Hardesty. The evidence before the Court is that the defendant used the

minimal force necessary after Mr. Hardesty refused to comply with the defendant's order to sit on his bunk. The force was rationally related to a legitimate governmental objective and was not excessive in relation to that purpose. There is no evidence that the defendant's actions exacerbated Mr. Hardesty's broken collarbone or caused any new injury.

Mr. Hardesty has failed to rebut the defendant's evidence. Because there is no evidence that the defendant used force that was not rationally related to a legitimate governmental objective or was excessive in relation to that objective against Mr. Hardesty on August 10, 2018, the defendant is entitled to summary judgment.

## IV.
## Conclusion

For the reasons stated above, the defendant's motion for summary judgment, dkt. [21], is **granted**. Final judgment consistent with this Order shall issue.

**IT IS SO ORDERED.**

Date: 8/10/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT LEO HARDESTY, JR.
854546
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christine Marie Clark
KIGHTLINGER & GRAY LLP
cclark@k-glaw.com

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com